[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Prior to June 16, 1988 defendant Laverne Brown applied to defendant City of Hartford for a loan for housing rehabilitation, and the City agreed to grant a loan to her in connection with a federal Housing Preservation Loan Program. The City thereupon sought bids for the work which it agreed could be done at Laverne Brown's home. Plaintiff Jacques All Trades submitted a bid for $16,350.00 on June 16, 1988 (plaintiff's Exhibit A), and its bid was accepted by the City.
Subsequently, the City agreed that the plaintiff could do additional remodeling in Laverne Brown's second floor bathroom in accordance with the agreement signed by the plaintiff and Laverne Brown on August 10, 1988 (Plaintiff's Exhibit F). However, the City agreed to pay only $3,800.00 (Plaintiff's Exhibit C) of the $6021.00 set forth in Exhibit F, leaving the amount of $2,221.00 due and owing from Laverne Brown.
On August 26, 1988 the plaintiff and defendant Laverne Brown signed an "Agreement for Housing Rehabilitation" which had been prepared by the City. This agreement CT Page 5051 provided that the agreed upon work would be performed for the sum of $20,150.00 (representing $16,350.00 originally agreed upon (Plaintiff's Exhibit A) plus $3,800.00 subsequently agreed to by the City (Exhibit C). The amount of $20,150.00 was to be paid by the City.
The Agreement for Housing Rehabilitation further provided that certain conditions, statutes, and regulations be complied with, and further, that a City construction manager would oversee the entire project. Such construction manager was to be responsible for inspecting the work and authorizing payments by the City as the work progressed.
The work has been completed and the plaintiff now seeks payment from defendant.
Laverne Brown has alleged that neither Exhibit F (the August 10, 1988 contract) nor Exhibits B and C (the contracts drawn up by the City of Hartford) comply with the Home Improvement Act and the Home Solicitation Sales Act. She further alleges that the plaintiff is not entitled to recover because the Agreement for Housing Rehabilitation dated August 26, 1988 (Exhibit B) violates the Connecticut Unfair Practices Act. The court disagrees.
Exhibits B and C, the contracts drawn up by the City, do not need to comply with the Home Improvement Act or the Home Solicitation Sales Act. See General Statutes 20-428.
The court finds further that Exhibit F (the contract between the plaintiff and Laverne Brown) does in fact comply with the Home Improvement Act and the Home Solicitation Sales Act.
Accordingly, on count one, judgment may enter for the plaintiff against defendant Laverne Brown for $2,221.00, and against Laverne Brown on her counterclaim. On count two, judgment may enter for the plaintiff against defendant City of Hartford for $20,150.00. Costs to be shared equally by defendants.
ALLEN, J.